45 N.J. Super. 272 (1957)
132 A.2d 331
GROVER C. RICHMAN, JR., ATTORNEY-GENERAL OF NEW JERSEY, PLAINTIFF,
v.
HERMAN BLANK, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided May 24, 1957.
*273 Mr. David D. Furman, Deputy Attorney-General, argued the cause for plaintiff (Mr. Grover C. Richman, Jr., Attorney-General, attorney).
*274 Mr. Joseph Weisman argued the cause for defendant (Mr. Sanford Freedman, on the brief; Messrs. Weisman & Freedman, attorneys).
WAUGH, J.S.C.
In 1947 the defendant Herman Blank was appointed a member of the Passaic Valley Sewerage Commission for a term of five years pursuant to the provisions of R.S. 58:14-3. He was reappointed in 1952 for a similar term.
At the time of his first appointment and until March 1956 Mr. Blank resided at 831 South Eleventh Street in the City of Newark. Since that time he and his family have lived at 23 Stonehill Road in the Village of South Orange, New Jersey. Although Mr. Blank lived within the Passaic Valley Sewerage District from the time of his first appointment in 1947 until March 1956, it is conceded that his present residence is outside the boundaries of that district. R.S. 58:14-1 and R.S. 58:14-1.1.
The Attorney-General of New Jersey, in an action in lieu of prerogative writ, seeks the removal of defendant from office, or alternatively, a declaration that the office is vacant. Such relief is sought on the ground that the defendant vacated and forfeited his office by his change of residence. Defendant denies that moving to South Orange has effected this result and maintains that he properly remains in office.
I now have before me cross-motions for summary judgment. Each party, alleging the absence of genuine issues of material fact, claims the right to judgment as a matter of law. Since the only material fact in this case is not disputed, i.e., the present place of residence of the defendant, it is apparent that this case is a most appropriate one for summary disposition.
The single question of law involved is the proper construction of R.S. 58:14-3 which reads as follows:
"The board shall consist of five members who are residents of the district. Upon the expiration of the term of office of a commissioner, his successor shall be appointed by the Governor, by *275 and with the advice and consent of the Senate, for a term of five years. The Governor may remove any commissioner from office for cause.
Each commissioner shall hold his office until his successor has been appointed, and any vacancy in the membership of the commission because of death, resignation or removal, shall be filled for the unexpired term in the manner provided for on original appointment. In making any appointment hereunder, either for a full term or to fill a vacancy, regard shall be had to ability and fitness, and also locality, so that each section of the district may be represented as far as practicable."
The Attorney-General contends that under this statute, continued residence within the district is a prerequisite for eligibility to remain as a member of the commission. Defendant contends that residence within the district is a condition of appointment, but not a condition of tenure. The defendant further contends that even should continued residence be deemed a condition of tenure, the plain legislative intent of the second paragraph of R.S. 58:14-3 directs that a member shall nonetheless hold his office until his successor has been appointed and has assumed the office.
A short history of the statute involved is helpful to a solution of this controversy. The Passaic Valley Sewerage District was created by the Legislature in 1902. L. 1902, c. 48, p. 190. The office of commissioner was provided for in that same legislative session. L. 1902, c. 49, p. 195. The pertinent section of that enactment is as follows:
"1. Upon the creation and incorporation by the legislature of any sewerage and drainage district for the purpose mentioned in the title of this act, it shall be the duty of the governor of this state forthwith to appoint therein and therefor five able and discreet men, residents within such district (having regard in making such appointments to locality, so that each section of the district may be represented, as far as practicable), who, when so appointed, commissioned and sworn, shall constitute a board of commissioners, * * * any vacancy occurring in the said board by death, resignation or otherwise, shall be filled in the same manner as the original appointment for the balance of the term * * * the governor of this state shall have power to remove such commissioners from office for cause, during their term of office, and upon removal to fill the vacancy thus occasioned for the unexpired term in the manner herein provided for filling vacancies."
*276 During the next year, a special session of the Legislature was convened, and at that time amended the existing law relative to this commission. L. 1903, Sp. Sess., c. 1, p. 778:
"1. The commissioners heretofore appointed by the governor of this state in and for the Passaic valley sewerage district shall continue in their respective offices for the terms for which they were severally appointed, and said terms are hereby extended to the first Tuesday of May succeeding the date when their terms under said appointments would respectively expire; and hereafter one commissioner shall be appointed by the governor by and with the advice and consent of the senate in each year for a term of five years, beginning on the first Tuesday of May next following the date of his appointment; any vacancy occurring in the office of commissioner by death, resignation or otherwise, shall be filled by the governor, but for the unexpired term only; * * * the governor of this state shall have power to remove any commissioner from office for cause during his term of office, and upon removal to fill the vacancy thus occasioned for the unexpired term; in making appointments, either for full terms or to fill vacancies, regard shall be had by the governor both to ability and fitness, and also to locality, so that each section of the district may be represented as far as practicable * * *."
The statute was again amended in 1927, but as to this discussion the amendments are not material. The portion of language in the 1927 amendment with which we are concerned is the same as the language quoted immediately prior hereto. L. 1927, c. 126, p. 238.
However, in 1937 when the over-all revision of our statutes took place, a residence requirement which first appeared in 1902, but which was omitted in the 1903 and 1927 amendments, again was placed into the statute. This law, R.S. 58:14-3, reads as follows:
"The board shall consist of five members who are residents of the district. Upon the expiration of the term of office of a commissioner, his successor shall be appointed by the governor, by and with the advice and consent of the senate, for a term of five years, beginning on the first Tuesday of May next following the date of his appointment. The governor may remove any commissioner from office for cause.
Any vacancy in the office of commissioner, occurring by reason of death, resignation, removal or otherwise, shall be filled by the governor for the unexpired term only. In making any appointment *277 hereunder, either for a full term or to fill a vacancy, regard shall be had to ability and fitness, and also locality, so that each section of the district may be represented as far as practicable."
The statute was again amended in 1941, L. 1941, c. 99, p. 227, and now reads as first quoted above. (This last revision undoubtedly resulted from the decision of our former Supreme Court in Greenfield v. Passaic Valley Sewerage Commissioners, 126 N.J.L. 171 (Sup. Ct. 1941)).
The inquiry in a matter of statutory construction is to ascertain legislative intent. Lynch v. Borough of Edgewater, 8 N.J. 279 (1951). It must also be borne in mind that whenever possible the words of the Legislature must be put into force to effectuate that intent.
"A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and also that one section will not destroy another unless the provision is the result of obvious mistake or error." 2 Sutherland Statutory Construction (3d ed. Horack), sec. 4705, p. 339.
See Hoffman v. Hock, 8 N.J. 397 (1952).
Let us first refer to the legislative history to determine whether the language used here creates a qualification for one to remain in office or merely goes to the propriety of his appointment. In 1902 the words used were:
"* * * It shall be the duty of the Governor of this State forthwith to appoint therein and therefor five able and discreet men, residents within such district. * * * (Emphasis supplied.)
This phrase is followed by the admonition to have regard to the locality when making the appointment. Our present statute has this same phrase of caution.
However, the present law, first enacted in 1937, has this provision:
"The board shall consist of five members who are residents of the district." (Emphasis supplied.)
*278 If defendant's argument is that requirement of residence is restricted to being a condition of appointment under our present law, certainly he would argue the same interpretation of the 1902 act. The 1902 act, in my opinion, was one worded in a manner which might lead to the result defendant urges. However, the Legislature in 1937 did not limit the Governor to appointing residents of the district; it imposed a qualification upon the right to hold office; this condition is imposed against the person so appointed. The term "shall consist" does not connote merely a mandatory condition for appointment, but rather has the connotation that the Legislature intended residence to be a continuing factor in the qualification of the commissioner. It is this change in phraseology by the Legislature on such a vital segment of this act that leads me, at this juncture, to the conclusion that the term "shall consist" places a qualification or condition upon one's right to continue in office once properly appointed.
Defendant next urges that the otherwise mandatory language of the first paragraph of R.S. 58:14-3 is offset by the second paragraph of this statute. As heretofore stated, the first inquiry in construing the statute is legislative intent. Obviously, the intent of the Legislature can first be ascertained by looking to the words of the statute itself. Only if there is an ambiguity must we go beyond this. It is apparent that the Legislature must elsewhere in this statute manifest an opposite intent from the one set forth in the first sentence. Only in such a manner could that clear expression be negated. By way of spelling out such an ambiguity, defendant argues that the Legislature, in the second paragraph of R.S. 58:14-3, has enumerated the ways by which the office can become vacant; namely, "* * * death, resignation or removal * * *." In support of his contention that these methods of vacating office are exclusive, the defendant points out that the phrase "or otherwise" was deleted from the 1937 version of this act when the Legislature made its amendment in 1941.
*279 If we were to apply the doctrine of expressio unius est exclusio alterius to this situation, without considering any other part of the statute, the manner of vacating this office would be thus limited. However, the words of the Legislature cannot be singled out and construed without regard to the entire statute of which they are a part, nor can we ignore statutes in pari materia.
In this latter regard I refer to R.S. 52:14-7, which provides that a state officer must reside within the State, and R.S. 52:14-13, which sets forth that the insanity of a state officer causes his office to become vacant.
These statutes have been effective since 1877 and 1886 respectively. If defendant's positions are correct regarding the limitation upon the methods of vacating the office of commissioner, then the Legislature must be said to have intended such commissioners to remain in office even if they moved out of the State of New Jersey, or became insane. I cannot reach such a conclusion.
Once concluding that the methods of vacating office are not limited to the three set out by R.S. 58:14-3, as I now so do, it must next be determined whether a change in residence to outside the district is still another method of vacating or forfeiting office. This involves an analysis of the legislative intent in that regard, and in determining what this legislative intent may be, this entire section of the statute must be considered, not just the words dealing with vacancies.
The Legislature, after all, did set forth in clear, precise language what appears to be an abiding requisite to membership on the commission:
"* * * shall consist of five members who are residents of the district." (Emphasis supplied.)
This sentence stands in somewhat of a conflict with that portion of the second paragraph which defendant urges is an absolute limitation on the manner of vacating the office. *280 However, the remaining words of this section are not void of meaning on this issue. The following phraseology is found:
"In making any appointment hereunder, either for a full term or to fill a vacancy, regard shall be had to * * * locality, so that each section of the district may be represented as far as practicable."
In this manner the Legislature has tied together all the seemingly conflicting words by stating what must be taken as its declaration of intent  an intent which therefore pervades the entire section. So absolute is its declaration that the law makers made it clear that interim appointments as well as those for the full five-year term must be made with "* * * regard * * * to * * * locality, so that each section of the district may be represented as far as practicable." By including this sentence, the Legislature has made apparent its intent that best representation would be had by having this regard to locality. Of course, this legislative mandate is carried out in the discretion of the appointing authority  the Governor. Obviously, the Legislature felt that this district was of such a nature that a more exact directive relative to geographic distribution of appointments would not be in the best interests of the over-all purpose of the statute. That the Legislature has the power to enact such a law, is not here in issue. The fact that it could have provided for appointment within certain geographic areas, and did not do so, is not fatal to the statute, nor is the fact that it treated a similarly constituted commission in another fashion of any weight here. Vide R.S. 58:15-6, 7 and 8, where the manner of appointment of commissioners of the Hackensack River Sewerage District is set forth.
There, the Legislature decreed that the authority shall consist of four members, two resident in Bergen County and two in Hudson County, with one representative of each county to be of different political party from the other *281 appointed from that county. The Legislature next deals with the removal of members and vacancies and separately provides:
"No person shall be appointed or shall continue to serve as a member of the authority unless he be and continue to be a resident of the county for which he is appointed." R.S. 58:15-8.
Defendant urges that the fact that the Legislature specifically provided for continued residence in the precise manner in which it did in the Hackensack River Sewerage District, should lead me to a holding that the failure to provide likewise is fatal to the plaintiff's case in the instant matter. I do not agree.
The fact that the Legislature used different words indicates to me no more than the obvious fact that a different problem was presented in the case of the Hackensack River Sewerage District than was brought before the law makers when they created the Passaic Valley Sewerage District. In the one case the Legislature chose to explicitly provide for representation on a predetermined geographical and political basis. In the other case the Legislature chose to empower the Governor to use his discretion in those regards. However, it is apparent that the Legislature intended in both that the commissioners be residents of the districts thereby created. A study of both these laws leads me to the conclusion that the Legislature intended that both bodies should be comprised of continuous residents of the respective districts. (It should be noted, of course, that the statute relative to the Hackensack River Sewerage District was repealed in 1945. L. 1945, c. 300, p. 881, Sec. 64. The repealing act was declared unconstitutional, Sherwood v. Bergen-Hackensack Sanitary Sewer Authority, 135 N.J.L. 304 (E. & A. 1947), but this did not revive the former act. Borough of Little Ferry v. Bergen County Sewer Authority, 9 N.J. 536 (1952), certiorari denied 344 U.S. 865, 73 S.Ct. 105, 97 L.Ed. 670.
During oral argument his counsel noted that Mr. Blank's term in office was about to expire. It has since so expired. *282 At that time it was stated that his successor had been appointed by the Governor, but that the nomination had not been confirmed by the State Senate. I am deciding this case on the ground that Mr. Blank has forfeited his office by moving his residence outside the Passaic Valley Sewerage District, and I conclude that the Legislature only intended that otherwise qualified commissioners should hold office upon expiration of their term. Therefore, I am not called upon here to rule whether or not Mr. Blank's office has been vacated by the mere appointment of his successor now that his term has expired. However, it is interesting to note that the Legislature did not use the familiar phrase "until his successor is appointed and qualified" (cf. R.S. 58:15-6 (now repealed), N.J.S. 2A:6-8, N.J.S. 2A:7-6, and N.J. Const., Art. VII, Sec. I, par. 6), but rather stated in this statute:
"Each commissioner shall hold his office until his successor has been appointed * * *"
On the basis of my prior discussion of the meaning of the term "shall consist," and upon the further basis of my prior discussion of the legislative intent which I find was to create the condition of continuing residence within the district as a qualification for tenure in office, I conclude that the defendant vacated his office by changing his residence from the City of Newark to the Village of South Orange.
This conclusion is reached after a consideration of the first paragraph of R.S. 58:14-3 independently; after a consideration of the second paragraph of that statute independently, and finally after a consideration of these paragraphs and the interrelationship which they have, the one with the other.
As stated above, since I find that the defendant has vacated his office, there is no need to determine whether or not he is in a holdover status.
An order for judgment may be presented in accordance with the above-stated conclusion.