129 N.J. Super. 519 (1974)
324 A.2d 108
BERGEN COUNTY SEWER AUTHORITY, PLAINTIFF,
v.
HACKENSACK MEADOWLANDS DEVELOPMENT COMMISSION, DEFENDANT.
Superior Court of New Jersey, Law Division.
July 12, 1974.
*520 Mr. Albert Gross, attorney for plaintiff (Messrs. Gross, Demetrakis & Donohue, attorneys).
Mr. Mark L. First, Deputy Attorney General, for defendant (Mr. William F. Hyland, Attorney General, attorney).
GELMAN, J.S.C.
The narrow issue presented on this motion for injunctive relief is whether the Hackensack Meadowlands Development Commission (Commission) has jurisdiction to regulate construction of an addition to a sewage plant owned and operated by the Bergen County Sewer Authority (Authority).
The Authority was established as a public corporation shortly after the enactment of N.J.S.A. 40:36A-1 et seq. in 1946. Its history and purposes are described in reported decisions and need not be elaborated upon here. See Little Ferry v. Bergen County Sewer Auth., 9 N.J. 536 (1952); Bergen Cty. Sewer Auth. v. Little Ferry, 7 N.J. Super. 213 *521 (App. Div. 1950). Suffice it to note for present purposes that it owns 155 acres located within the Hackensack Meadowlands District, and since 1951 it has operated on part of its property a sanitary sewage treatment plant presently serving 43 Bergen County municipalities. The Authority has commenced construction of an addition to its plant at an estimated cost of $53,000,000. Prior thereto it submitted to and obtained approval of plans for the addition from the Department of Environmental Protection as well as federal agencies.
The Commission is also a public corporation established pursuant to legislation (N.J.S.A. 13:17-1 et seq.) whose purposes and functions have been judicially noted. See Meadowlands Reg. Redevelopment Agency v. State, 112 N.J. Super. 89 (Ch. Div. 1970), aff'd 63 N.J. 35 (1973). On November 8, 1972 the Commission adopted a master plan for the Hackensack Meadowlands District. The lands owned by the Authority were zoned partly in a "public utilities" zone (which permits sewage treatment plants) and partly in a "park and recreation" zone. The existing Authority treatment plant as well as the lands upon which the addition is being constructed are in the public utilities zone.
Prior to commencement of construction of the addition the Commission advised the Authority that Commission approval would be required. On April 26, 1974 the Authority submitted plans to the Commission "without prejudice" to any claim the Authority might have that the Commission lacked jurisdiction over the Authority. After this action was commenced by the Authority the Commission issued the Authority a building permit and zoning certificate authorizing the latter to proceed with the construction subject to certain conditions. Construction activities are now underway, but the Authority has failed to comply with the conditions attached to the permit and the Commission seeks injunctive relief against the alleged violations.
*522 This action was originally commenced by the Authority for declaratory relief that (1) it was not subject to the Commission's land use and building regulations, and (2) the Commission's master plan is invalid insofar as it has designated a portion of the Authority's lands for park and recreation use. The latter issue is not before the court at this time and disposition thereof will be reserved for hearing at a later date. However, it is now imperative that the first issue be decided in view of the inability of these two public bodies to reach an accommodation of what they deem to be their respective interests.
In establishing the Commission the Legislature declared that the lands comprising the Hackensack Meadowlands District require
* * * special protection from air and water pollution and special arrangements for the provision of facilities for the disposal of solid waste; that the necessity to consider the ecological factors constituting the environment of the meadowlands and the need to preserve the delicate balance of nature must be recognized to avoid any artificially imposed development that would adversely affect not only this area but the entire State * * * [N.J.S.A. 13:17-1]
To assure the coordinated development of the district, the Legislature delegated to the Commission extensive powers designed to transcend traditional municipal and county lines and home rule powers. To that end the Commission was empowered to prepare, adopt and implement a master plan "for the physical development of all lands lying within the district." N.J.S.A. 13:17-6(i) (emphasis added). Land within the district owned by the Authority was not exempted from the master plan; indeed, no land within the district was exempted from the reach of the master plan to be formulated by the Commission.
Moreover, the Commission was authorized, among other things, to include in the master plan provisions for "* * * utilities, sewerage and other like matters * * *." N.J.S.A. 13:17-11(a)(2). To resolve the issue of the Commission's superior and paramount zoning authority within the *523 district, the Legislature directed that "[n]o municipality shall enact or enforce any code which is inconsistent with the code contained in the master plan insofar as such code applies to property within the district." N.J.S.A. 13: 17-11(b).
By way of implementing the zoning and planning powers of the Commission, the Legislature directed that:
(a) No building or structure may be constructed or altered within the area shown on the master plan unless the commission shall first issue a permit approving the plans and specifications for the proposed construction or alteration as being in conformity with the master plan. No permit may be issued without a certificate from the chief engineer or equivalent official of the commission that the proposed construction or alteration meets the engineering standards adopted by the commission. [N.J.S.A. 13:17-12(a)]
Insofar as public projects or facilities are concerned, the Legislature further directed that:
(b) Whenever the commission shall have adopted a master plan or any portion thereof, the governing body of any constituent municipality or affected county, or any agency or instrumentality thereof, before taking action necessitating the expenditure of any public funds incidental to the location, character, or extent of one or more projects of said municipality or affected county, or any agency or instrumentality thereof, shall refer action involving such specific project to the commission for review and approval, and shall not act thereon unless the commission has indicated its approval by a majority vote of said commission within 45 days of reference to the commission or by the failure of the commission to disapprove by a majority vote of said commission within said 45 days. [N.J.S.A. 13:17-12(b)]
The sweep of the foregoing statutory language and its all-inclusive reach with respect to the territorial and subject matter jurisdiction of the Commission compel the conclusion that the Authority was not granted any exemption from compliance with the mandates of the Hackensack Meadowlands Act. The presence of the Authority within the meadowland district was known to the Legislature when the 1968 act was debated and passed. Had the Legislature intended to carve out an exception for the Authority it could *524 readily have done so by explicit language. The judiciary cannot supply an exception where the Legislature has not granted one. See N.J. State Policemen's Benevolent Ass'n of New Jersey, Inc. v. Morristown, 65 N.J. 160, 164 (1974).
While the Authority may be an independent public corporation (see N.J.S.A. 40:36A-20) it is clearly an "agency or instrumentality" of Bergen County within the meaning of N.J.S.A. 13:17-12(b), having been established by the county's board of freeholders to carry out a delegated public purpose for the benefit of Bergen County municipalities. N.J.S.A. 40:36A-1; Little Ferry v. Bergen County Sewer Auth., 9 N.J. 536, 542 (1952); cf. St. Louis Housing Auth. v. City of St. Louis, 361 Mo. 1170, 239 S.W.2d 289, 294-295 (Mo. Sup. Ct. 1951).
Having determined that the Commission has regulatory jurisdiction over the Authority it follows that the latter must comply with the terms and conditions of the building permit and zoning certificate issued by the Commission. An injunction will therefore issue against any further construction by the Authority in violation of the conditions imposed by the Commission.