JOSEPH B. MYERS and EDWIN KIRKPATRICK *vs.* JOSEPH HOLLINGSWORTH and CONRAD TEESE.

1. Previous to the act entitled, "An act concerning evidence," approved April 5th, 1855, a defendant was not a competent witness for the plaintiff, if called to prove a partnership or joint liability with his co-defendant.

2. If the plaintiff called one of the defendants as a witness under the act of March 1st, 1849, the other defendant might object to his testimony

on the ground of interest in the event of the suit, and might show the existence of the interest by an examination of the witness on his *voir dire*.

3. If illegal evidence is admitted on the trial, a new trial will not be granted on that ground, if it appear that there was sufficient legal evidence to warrant the jury in finding the verdict.

This action was brought to recover an alleged indebtedness from the defendants to the plaintiffs, for goods sold and delivered. The defendant, Conrad Teese, pleaded separately the general issue ; the other defendant, Hollingsworth, also pleaded the general issue, but did not contest the case at the trial.

The cause was tried at the Essex Circuit, at April Term, 1854, before a jury. On the trial the plaintiffs called Hollingsworth, one of the defendants, as a witness. The counsel of the defendant, Teese, requested that he should be examined on his *voir dire* touching his interest in the event of the suit. To this request the plaintiffs' counsel objected. The objection was sustained by the court, and Hollingsworth was sworn as a witness in the cause.

The jury rendered a verdict for the plaintiffs.

The defendant, Teese, moved to set aside the verdict and for a new trial, on the ground that Hollingsworth's testimony was improperly admitted.

The facts more fully appear in the opinion of the court.

The cause was argued at November Term, 1856, before the CHIEF JUSTICE, and Justices OGDEN, RYERSON and VREDENBURGH.

*Bradley*, for the motion.

*F. T. Frelinghuysen* and *W. Pennington, contra.*

The CHIEF JUSTICE delivered the opinion of the court.

This action was brought to recover an alleged indebtedness from the defendants to the plaintiffs, for goods sold and delivered. The defendant, Teese, pleaded the general issue ; Hollingsworth, the other defendant, also pleaded

the general issue, but did not contest the case upon the trial. It appeared in evidence that the goods were purchased in Hollingsworth's name, and charged to him alone upon the books of the plaintiffs. For the greater portion of the indebtedness he had given his individual notes.

The business was carried on in his individual name. The defendants were not ostensibly partners. The plaintiffs sought by evidence to establish the fact of a partnership between the defendants, and for this purpose called Hollingsworth, one of the defendants, as a witness. Upon his being called, the counsel of Teese requested that he might be sworn on his *voir dire*, in order to his examination touching his interest in the event of the suit. This request was objected to by the plaintiffs' counsel, and denied by the court. The counsel of Teese thereupon objected to his being sworn as a witness; but the objection was overruled, and the witness admitted to testify.

A new trial is asked, upon the ground that the witness, having an interest, was incompetent to testify against his co-defendant, and that the existence of the interest might lawfully have been shown by an examination of the witness upon his *voir dire*. The only question in reality is, whether an interest in the event of the suit disqualified the witness; for if it did, the existence of the interest may doubtless be shown by an examination of the witness upon his *voir dire*.

By the common law, a party to the record is not permitted to testify on his own behalf or in accordance with his interest, nor is he compelled to testify against his interest. 1 *Greenl. Ev.*, §§ 327, 330, 353. And the rule of the common law, as sanctioned by the weight of authority, and as understood and practiced upon in this state, utterly rejected the testimony of a party to the record while the issue as to the witness remained undecided, though he had no interest whatever in the event of the suit. The rule was founded not solely on considerations of interest, but also of policy. To render him competent, the name

of the witness must have been struck from the record, or a verdict rendered as to him. 1 *Greenl. Ev.*, § 328, 356, *note* 4; *Gilbert's Ev.* 250; *Davis* v. *Living*, 1 *Holt* 275; *Buller's N. P.* 285; 1 *Phil. Ev.* 61; *Frear* v. *Evertson*, 20 *Johns. R.* 142; *Schermerhorn* v. *Schermerhorn*, 1 *Wend.* 119; *Supervisors* v. *Birdsall*, 4 *Wend.* 456–7; *Bull* v. *Strong*, 8 *Metc.* 10.

The supplement to the practice act, of March 1st, 1849, § 2, enacts that in all civil actions in any court of record in this state, the parties thereto shall be admitted to be sworn and give evidence therein, when called as witnesses by *the adverse party in such action;* provided that no party to a suit shall be compelled to be sworn or give evidence in any action wherein usury is set up as a defence, or where the action is brought to recover a penalty or forfeiture. There is a further proviso that the act shall not extend to any action brought upon a contract made before the 4th day of July, 1849. The contract in question was made subsequently to that date, so that the case is within neither of the provisos of the act. It is insisted, therefore, that the witness is made competent by the express terms of the act, its phraseology including all parties in all civil suits, and the witness being called by the adverse party in the action. If by "the adverse party in the action," we are to understand only the adverse party upon the record, the conclusion is clear that the witness is competent, for he was a defendant in the action, and was called by the plaintiffs. Such clearly is the ordinary meaning of the phrase "the adverse party in the action," and such must be its interpretation here, unless a different meaning can fairly be inferred from the terms of the act. The design of the statute was obviously to remove the common law disqualifications of the witness, resulting from the mere fact of his being a party to the record, and the proviso shows clearly that it was designed to deprive him of the common law protection from being compelled to testify *against* his interest. But it seems very clear, upon

the face of the act, that it was not designed to permit him to testify *for* his interest; for he can only testify at the instance of the adverse party. Nor can it be reasonably supposed that the legislature designed to authorize a party to the record to testify in support of his own interest, while all persons not parties to the record, were disqualified from testifying on the ground of interest. The disqualification of the witness on the ground of interest was not removed until 1855, six years subsequent to the passage of the act which enabled the parties to the record to testify.

This being the true construction of the act, Hollingsworth was an incompetent witness, provided he had an interest in the event of the suit. That he was individually liable for the debt for which the action was brought, was not disputed. The goods were bought in his name; he had given his individual notes for the purchase money; those notes were still outstanding. No subtlety or refinement can disguise the fact that the object and effect of Hollingsworth's testimony was, to render Teese jointly liable with him for a debt which, at all events, Hollingsworth was bound to pay. *Brown* v. *Brown*, 4 *Taunt.* 752; 5 *Sandf. S. C. R.* 101.

But, admitting that it does not appear, as the case now stands, that Hollingsworth was interested, still if interest was disqualification, the adverse party was entitled to examine the witness on his *voir dire*, to show the fact of his interest.

The meaning of the statute, it must be conceded, is not free from doubt, and the judge at the circuit, in admitting the witness, certainly ruled in accordance with the letter of the law. But the true construction of the statute required the rejection of the testimony, the disqualification, on the ground of interest, not having been removed.

But, independent of the testimony of Hollingsworth, there is enough in the evidence to warrant the finding of

Grover v. Hoppock.

the jury. The verdict is satisfactory to the judge before whom the cause was tried, and is in accordance with the real truth and justice of the case. By the act of 1855, the disqualification of the witness on the ground of interest is removed. Hollingsworth would now be a competent witness. If a new trial is granted, the evidence upon which the verdict was rendered, and which now constitutes the ground of complaint, would be clearly admissible. Nothing, therefore, would be gained by setting aside the verdict, except additional costs and delay.

On these grounds the motion for a new trial should be denied, and the rule to show cause be discharged, with costs.

In accordance with the agreement of counsel, the same rule will be granted in the case John W. Patten and others against the same defendants.

CITED in *Handlong* v. *Barnes*, 1 *Vr.* 73.