LOUIS DI ANGELO, PROSECUTOR, v. GEORGE B. KEENEN, STATE ATHLETIC COMMISSIONER OF THE STATE OF NEW JERSEY, RESPONDENT.

Submitted January 27, 1933—Decided December 21, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Donald R. Bryant.*

For the respondent, *William A. Stevens,* attorney-general.

The opinion of the court was delivered by

HEHER, J. The prosecutor, who served in the army of the United States in the world war, and was honorably discharged, was, on June 22d, 1928, duly appointed "inspector of accounts" for the state athletic commission. He served in that capacity until April 28th, 1932, when he was notified by the present state athletic commissioner, who took office on

April 20th, 1932, as the first commissioner appointed under chapter 143 of the laws of 1931 (*Pamph. L.* 1931, *p.* 266), that his services as such "will no longer be required and will expire as of April 30th, 1932." The return to the writ shows that on May 1st, 1932, the state athletic commissioner advised the civil service commission that "the office of 'inspector of accounts' was abolished by me," and that "this will remove from our payroll records the names of Edward J. Cody and Louis Di Angelo who were submitted under that classification."

The facts were stipulated. Contemporaneously with the service upon prosecutor of the notice of the termination of his services, the athletic commissioner appointed one Flood as "inspector of accounts." Prosecutor protested, and immediately thereafter, according to the stipulation, the athletic commissioner "changed the title of inspector of accounts in relation to the appointment of John A. Flood to that of administrative agent, with the duties the same as that of the prosecutor during his incumbency." No charges of misconduct were preferred against the prosecutor, and he was not given a hearing.

The insistence of the prosecutor is that he was deprived of his position in violation of the provisons of chapter 14 of the laws of 1907 (*Pamph. L.* 1907, *p.* 37), as amended by chapter 29 of the laws of 1929 (*Pamph. L.* 1929, *p.* 57).

On the other hand, respondent denies that prosecutor has a valid title to the position in question. Chapter 143 of the laws of 1931 expressly repealed chapter 247 of the laws of 1918 (*Pamph. L.* 1918, *p.* 945), as amended by chapter 12 of the laws of 1920 (*Pamph. L.* 1920, *p.* 28), establishing a state athletic commission, and all other acts amendatory thereof and supplementary thereto, and it is claimed that the act of 1931, in virtue of this repealer, "operates to vacate every position and employment held by virtue of" the acts repealed.

The general rule is that where a statute is repealed, and there is no saving clause or a general statute limiting the effect of the repeal, the repealed statute, in regard to its

operative effect, is considered as though it had never existed, except as to matters and transactions passed and closed. *James* v. *DuBois,* 16 *N. J. L.* 285; *State* v. *Village of Passaic,* 36 *Id.* 382. Of course, this rule is subordinate to the fundamental rule of construction that the court shall ascertain and give effect to the intention or purpose of the legislature. *Clarkson* v. *Ley,* 106 *Id.* 380; 148 *Atl. Rep.* 745; *State* v. *Cortese,* 104 *N. J. L.* 312; *O'Neill* v. *Johnson,* 99 *Id.* 317; *Commonwealth* v. *Mortgage Trust Co.,* 227 *Pa.* 163; 76 *Atl. Rep.* 5.

We discern a legislative purpose, in the instant case, to effect a complete reorganization of the supervising governmental agency in this particular field. The reconstruction process was not to be hampered by prior enactments, or the assertion of individual or other rights springing therefrom. The commission created by the repealed acts was superseded by a single commissioner, and a legislative intent to vest this officer, when appointed, with full power to select the departmental personnel is evident. It was patently intended to terminate the tenure of the holders of all departmental offices and positions. Section 2 provided that the commissioner, to be appointed under the provisions of the act, shall have the assistance of a chief inspector (whose salary is fixed by the act) "and such referees, inspectors, other officials and clerical help as he shall deem necessary in order to effectively administer the provisions of this act." He (the commissioner) "may appoint, and, at his pleasure, remove all or any of the same." It is further provided that "none of said appointees" shall be subject to the provisions of the Civil Service act. The repealed statutes did not contain either the power of removal, or the provision exempting these appointees from the provisions of the civil service law.

It was provided by section 13 (the repealing section) that all persons in possession of books, records, documents and other property of the commission created by the repealed act shall deliver the same to the athletic commissioner to be appointed under the provisions thereof. The saving clause, contained in this section, merely provides that "all rights and

powers of, or to be exercised for the benefit of, the State of New Jersey, which have heretofore accrued under and by virtue of the said repealed act, shall, nevertheless, continue in full force and effect, and the exercise of such of the foregoing rights and powers as are to be exercised by the state athletic commissioner, the state athletic commission, the comptroller, or any of them, under and by virtue of said repealed act, is hereby transferred to and vested in the state athletic commissioner established by this act." We find nothing to indicate a legislative purpose that the holders of offices and positions under the old commission should continue undisturbed under the new administration. They had acquired no vested right in their respective offices or positions, and their tenure did not rest upon contract. They are clearly not within the provisions of the saving clause. The action of the commissioner was taken within a week after he assumed office, and was, in effect, notice to prosecutor that his services were not desired or needed under the new administration. Prosecutor was not then the holder of the position in question, and he therefore cannot complain of the action taken.

Writ dismissed, but without costs.