64 N.J. Super. 432 (1960)
166 A.2d 394
JOSEPH STAUDTER, PLAINTIFF-APPELLANT,
v.
BARBARA ELTER, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF ANNA VERONICA STAUDTER, A/K/A ANNA V. STAUDTER, DECEASED, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 25, 1960.
Reargued November 28, 1960.
Decided December 12, 1960.
*433 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. Charles J. Tyne argued the cause for plaintiff-appellant.
Mr. Joseph M. Harrison argued the cause for defendant-respondent (Messrs. Murphy and Skelley, attorneys).
The opinion of the court was delivered by SULLIVAN, J.A.D.
Plaintiff filed suit claiming that he and his late wife, Anna V. Staudter, had made an irrevocable agreement to dispose of their respective property by mutual and reciprocal wills. He charged that pursuant to the agreement he and his wife, on March 29, 1951, had executed such *434 wills, but that thereafter his wife secretly made another will eliminating plaintiff as beneficiary. He first learned of the later will, which named defendant as executrix and residuary beneficiary, after his wife's death. The suit asked for the imposition of a trust on the estate assets and an accounting. At the close of plaintiff's case the trial court granted defendant's motion to dismiss the complaint, on the ground that there was no proof of an agreement that the wills were to be "binding and irrevocable on either of the parties." Plaintiff appeals.
Plaintiff married Anna V. Staudter on May 17, 1930. The only child born of the marriage died shortly after birth. Plaintiff had for many years been in the building and contracting business with offices in Dumont. In 1942 plaintiff, without receiving any monetary consideration therefor, conveyed a parcel of vacant land known as 72 Clarke Street, Dumont, to his wife. Thereafter plaintiff constructed a dwelling house on said property and he and his wife lived there for some years. He testified that the house and lot cost him $14,000, and that since 1942 he had spent $18,000 on taxes, maintenance, and improvements. Title to the property remained in Mrs. Staudter's name until her death.
Plaintiff testified that in 1949 he and his wife had a discussion about making their wills and, "after knowing what we wanted to do," went to a lawyer's office and executed mutual and reciprocal wills. These wills did not contain any provisions for contingent beneficiaries. The attorney who drew the wills testified that plaintiff and his wife had directed him to prepare wills whereby each left everything to the other. He said that he advised them that since they had no children they should consider a provision as to what would happen to their estates in the event they both died in the same accident. He was told however that "this was the way they wanted it"; consequently the wills were prepared as directed and executed by plaintiff and his wife.
Plaintiff also testified that in 1951 he and his wife had a further discussion relating to their wills and as a result *435 went to another lawyer and had new wills drawn by which each not only left everything to the other but also provided that in the event that they died at the same time, or in a common accident, or the one named as beneficiary predeceased, then the estate was to be distributed among specified beneficiaries. The same persons were named as contingent beneficiaries in each will. Plaintiff asserted that these wills were prepared in accordance with the agreement he had made with his wife prior to going to the lawyer's office.
At the trial plaintiff's attorney made an offer to have plaintiff testify as to the details of the agreement between plaintiff and his wife. On objection, however, the court excluded the proof as being testimony by a party to a transaction with a decedent contrary to N.J.S. 2A:81-2. The case was tried April 13, 1960, the judgment entered April 28, 1960, and the notice of appeal filed June 10, 1960.
While the appeal was pending, and effective July 1, 1960, N.J.S. 2A:81-2 was amended so as to eliminate the bar of a party's testifying to a transaction with a deceased. L. 1960, c. 52, Art. IV.
After the argument of the appeal, which was limited to a consideration of the sufficiency of the evidence presented at the trial, this court called counsels' attention to the statutory change pending appeal and posed the question whether, in the interests of substantial justice, plaintiff should not have the trial court now consider the testimony which had been previously excluded. We requested briefs on this issue and scheduled further oral argument.
As a result, counsel for defendant, with commendable candor, concedes that plaintiff is entitled to have the proffered testimony considered.
In the present case the particular statutory change involves the admissibility of evidence. It does not create new rights or affect vested ones. Therefore, while the trial court's ruling on the offer of proof was entirely correct when made, the law excluding such evidence having been changed during the pendency of the appeal so that this testimony *436 is presently admissible, substantial justice requires that the case be remanded to have the trial court consider this additional testimony.
It is settled law in this State that, unless vested rights are involved, the law in effect at the time of the disposition of the cause by an appellate court governs rather than the law in effect at the time the cause was decided by the trial court. Nusbaum v. Newark Morning Ledger, 33 N.J. 419 (1960); Borough of Little Ferry v. Bergen County Sewer Authority, 9 N.J. 536 (1952); Westinghouse Electric Corp. v. United Electrical, etc., 139 N.J. Eq. 97 (E. & A. 1946); Myers v. Hollingsworth, 26 N.J.L. 186 (Sup. Ct. 1857). For a discussion and analysis of pertinent cases see 5B C.J.S. Appeal and Error § 1841, p. 244; Annotation, "Change of law after decision of lower court as affecting decision on appeal or error," 111 A.L.R. 1317. Cf. State v. U.S. Steel Corp., 12 N.J. 38 (1953); Morin v. Becker, 6 N.J. 457 (1951); Neel v. Ball, 6 N.J. 546 (1951); Plahn v. Givernaud, 85 N.J. Eq. 143 (E. & A. 1915); Yonadi v. Homestead Country Homes, Inc., 42 N.J. Super. 521 (App. Div. 1956); Langenohl v. Spearen, Preston & Burrows, 22 N.J. Super. 392 (App. Div. 1952). See also 50 Am. Jur., Statutes, § 482.
Defendant, while conceding that plaintiff is entitled to have the proffered testimony considered, points out that the statute, N.J.S. 2A:81-2, as now amended, provides that a party who asserts a claim against a decedent's estate, supported by oral testimony of a promise, statement, or act of the decedent, "shall be required to establish the same by clear and convincing proof." Defendant asks this court, in the exercise of its original jurisdiction, to consider the testimony offered at the trial, together with plaintiff's proposed oral testimony dealing with promises, statements or acts of his deceased wife, as set forth in the appendix to plaintiff's supplemental brief, and determine that this totality of evidence does not constitute clear and convincing proof. This suggestion, however, has obvious shortcomings. The *437 trial judge is in a far better position to evaluate such testimony and determine matters of credibility and weight of evidence.
In no way is this ruling to be taken as an indication that this court has passed on the sufficiency of plaintiff's proof. We determine only that plaintiff is entitled to have the trial court hear this additional testimony and reconsider its ruling in the light of such evidence.
In the event that the trial court should find that plaintiff's proofs, as supplemented, are adequate to establish the claimed agreement between plaintiff and his late wife, a further question arises as to whether or not Mrs. Staudter, during their joint lives, had the right to rescind the agreement and change her will without giving notice to plaintiff. See Annotation, "Joint, mutual, and reciprocal wills," 169 A.L.R. 9, at p. 50. This issue also should be resolved by the trial court.
The judgment is set aside and the case remanded for further proceedings in accordance with this opinion. No costs.